UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF

v.                              No. 2:19-CR-20030-001

THURMAN PAUL CHEESMAN, JR.                                  DEFENDANT

**ORDER AND OPINION**

Before the Court is Defendant Thurman Paul Cheesman, Jr.'s motion (Doc. 121) requesting judicial recommendation.  Defendant requests a court recommendation to the Bureau of Prisons ("BOP") that he be placed in a residential re-entry center ("RRC") for a period of 12 months prior to the end of his sentence, the maximum period allowed.  The Government has filed a response (Doc. 122).  For the reasons set forth below, Defendant's motion will be DENIED.

**I.      Background**

On December 3, 2019, Defendant pled guilty to one count of felon in possession of a firearm and one count of aiding and abetting, unauthorized excavation, removal, damage, alteration, or defacement of archaeological resources.  Though the sentencing guidelines recommended a sentence of 51 to 63 months, the Court granted Defendant a downward variance.  On September 23, 2020, Defendant was sentenced to 33 months imprisonment with a 3-year term of supervised release.  Defendant's projected release date is December 23, 2022.

In support of his request for judicial recommendation, Defendant states that he has only minimal support in the area he is to be released in, there are limited community resources for ex-offenders returning to society, he requires time to build a sufficient amount of savings to support himself post-release, and due to his prison sentence, "where he has been and will be away from society for several years," he requires much transitional training to achieve a successful and

1

permanent re-entry into society. (Doc. 121, p. 3-4). Defendant also points to the fact that he has completed many rehabilitation programs while in the BOP, including the Non-Residential Drug Abuse Program, the Money Management course, and the Residential Drug Abuse Program, and has continuously maintained work assignments and an exemplary disciplinary record. In response the Government argues that time spent in incarceration is important to reflect the seriousness of the offense and deter future conduct of Defendant, and it anticipates that Defendant will receive 6 months in a RRC before being placed on supervised release.

## II.    Legal Standard

To the extent practical, the BOP is directed to "ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C.A. § 3624(c)(1). "Such conditions may include a community correctional facility." *Id.* Though the sentencing court may make a recommendation to the BOP regarding placement of a prisoner in a particular community correctional facility, the BOP is not bound by any recommendation, and a court recommendation is only one of five factors the BOP must consider when making a determination regarding the placement of a prisoner. 18 U.S.C.A. § 3621(b).

## III.    Discussion

The Court begins by noting that Defendant received a significant downward variance and was sentenced to a term of imprisonment of 33 months; he now requests that the Court recommend he spend more than a third of this time in a RRC. The Court agrees with the Government that such a recommendation would not reflect the seriousness of the offense. Though Defendant has completed many rehabilitation courses while incarcerated, it is the Court's view that these courses

2

will greatly assist him in his transition back to society and do not on their own warrant a judicial recommendation for a longer period of RRC placement. In addition, the Court finds that considering Defendant will serve less than 3 years in prison, he will likely not require a lengthy period of transitional training to prepare him for his re-entry into society. Finally, though unfortunate, Defendant's lack of community support and personal savings is not a unique or uncommon situation released prisoners find themselves in.

The above notwithstanding, though the Court will not recommend Defendant receive a longer period of RRC placement, nor will the Court recommend against it. Instead, the Court will leave to the BOP the discretion to consider these circumstances and others without sentencing court input when deciding whether and how long to place Defendant in a RRC.

## IV.   Conclusion

IT IS THEREFORE ORDERED that Defendant's motion (Doc. 121) for judicial recommendation is DENIED.

IT IS SO ORDERED this 22nd day of September, 2021.

/s/ P. K. Holmes, III

P.K. HOLMES, III
U.S. DISTRICT JUDGE